UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MIGLAB TRAVAUX ET SERVICES,** | Case No. _____ |
| Plaintiff, | (ECF Case) |
| -against- | **COMPLAINT** |
| **UNITED STATES OF AMERICA, and INTERNATIONAL ARMORING CORPORATION,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, by and through its undersigned counsel, James DeCristofaro, Esq., and for its respective causes of action, states and alleges as follows:

## PARTIES

1. Plaintiff MIGLAB TRAVAUX ET SERVICES, is a foreign company that has its principal place of business in Burkina Faso, West Africa, and an office address in the United States at 2181 Barnes Ave UNIT 6C, Bronx, NY 10462.

2. Upon information and belief, defendant INTERNATIONAL ARMORING CORPORATION is a foreign business corporation that has its principal place of business at 181 South 600 West, Bldg 3A Bay 5, Ogden, UT  84404

3. Upon information and belief, the United States is a sovereign entity subject to suit as provided by Congress.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because federal courts have jurisdiction to determine whether the government provided legally adequate notice of forfeiture.

5. The United States is a proper defendant because 28 U.S.C. § 2680(c), as amended by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), waives the United States' sovereign immunity.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(c)(1)(3) because the United States is subject to the Court's personal jurisdiction.

## STATEMENT OF FACTS

7. In or about April of 2020, Plaintiff entered into a contract with defendant INTERNATIONAL ARMORING where Plaintiff purchased a 2020 Mercedes Benz Sprinter van from defendant INTERNATIONAL ARMORING for approximately $250,000.

8. Plaintiff arranged for payment through a bank known as BSIC or about May 6, 2020. Upon information and belief, the vehicle was assembled between May and October of 2020.

9. Defendant INTERNATIONAL ARMORING agreed to ship the van from Freeport, Texas to Lome, Togo with an estimated departure date in April of 2021.

10. Instead of being shipped, the vehicle was seized by agents of United States Customs and Border Protection ("Border Protection"). Border Protection alleges it sent a Notice of Seizure to Savadogo Loukouman, who brokered the transaction, on or about April 15, 2021. However, Plaintiff never received notice.

11. Upon information and belief, Border Protection completed the forfeiture process in January of 2022. On April 18, 2022, Plaintiff, through its former counsel, received notice of the forfeiture.

12. Plaintiff filed a protest with Border Protection, who claimed that plaintiff was not a party entitled to notice of the seizure.

## CAUSES OF ACTION

### COUNT I
### (against defendant UNITED STATES OF AMERICA)
### Set Aside Forfeiture – 18 U.S.C. §§ 981 & 983

13. Plaintiff repeats and realleges each and every allegation above and below as if fully set forth at length herein.

14. Plaintiff seeks to set aside the forfeiture of the van because defendant UNITED STATES OF AMERICA failed to provide notice to plaintiff that Border Protection had seized the van, depriving plaintiff of the opportunity to challenge the subsequent administrative forfeiture proceeding.

15. Plaintiff has been damaged and seeks an order setting aside the forfeiture of the van and either returning the van to plaintiff or awarding plaintiff damages in an amount to be determined at trial (but not less than $250,000) plus costs and reasonable attorney's fees.

### COUNT II
### (against defendant INTERNATIONAL ARMORING CORPORATION)
### Breach of Contract

16. Plaintiff repeats and realleges each and every allegation above and below as if fully set forth at length herein.

17. In or about April of 2020, Plaintiff entered into a contract with INTERNATIONAL ARMORING where Plaintiff purchased a 2020 Mercedes Benz Sprinter van from defendant INTERNATIONAL ARMORING for approximately $250,000.

18. Plaintiff performed under the contract by arranging for BSIC to deliver approximately $250,000 to defendant INTERNATIONAL ARMORING.

19. Defendant INTERNATIONAL ARMORING breached the agreement by failing to deliver the van to plaintiff.

3

20. Consequently, plaintiff has been damaged in an amount to be proven at trial (but not less than $250,000), together with costs and reasonable attorneys' fees.

## COUNT III
### (against defendant UNITED STATES OF AMERICA)
### Attorney's Fees

21. Plaintiff repeats and realleges each and every allegation above and below as if fully set forth at length herein.

22. Plaintiff is entitled to substantially prevail on its claim to set aside the forfeiture. By operation of 28 U.S.C. § 2465(b)(1), plaintiff is entitled to recover from the United States of American the reasonable attorney's fees and costs associated with prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff expressly reserves the right to amend these claims prior to or at the time of trial of this action and to insert those items of damage not yet fully ascertainable, and plaintiff pray that judgment be entered against defendants as follows:

1. Setting aside the forfeiture of the vehicle,

2. Awarding damages in excess of $250,000 against defendant UNITED STATES OF AMERICA, with the exact amount to be proven at trial;

3. Awarding damages in excess of $250,000 against defendant INTERNATIONAL ARMORING CORPORATION, with the exact amount to be proven at trial;

4. Awarding reasonable attorneys' fees and costs;

5. For such other relief as the Court deems just and proper.

DATED this 31st day of July 2025.

/s/ James DeCristofaro
THE LAWYER JAMES
James J. DeCristofaro, Esq.
462 Fashion Ave, Fl 6,
New York, New York 10018
Tel. (212) 500-1891
james@dclfirm.com

*Attorney for Plaintiff*