UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MIGLAB TRAVAUX ET SERVICES,

Plaintiffs,

-v-

UNITED STTAES OF AMERICA, and INTERNATIONAL ARMORING CORPORATION,

Defendants.

-----------------------------------------------------------------X

25-CV-06318 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

On July 31, 2025, Plaintiff Miglab Travaux et Services ("Plaintiff" or "Miglab") initiated this action against Defendants International Armoring Corporation ("IAC") and the United States of America (the "Government"). *See* ECF No. 1. In its Amended Complaint, Plaintiff alleges that a vehicle—which Plaintiff had purchased from IAC and arranged to be shipped from Texas, United States to Togo—was seized and forfeited by United States Customs and Border Protection ("CBP"). ECF No. 27 ("Am. Compl."), ¶¶ 14-16. Plaintiff brings a breach of contract claim against IAC. *Id.*, ¶¶ 18-20. Plaintiff also seeks to set aside the forfeiture pursuant to 18 U.S.C. § 983(e).

IAC filed a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. ECF No. 28. The Government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), or in the alternative, a motion for summary

judgement pursuant to Rule 56. ECF No. 36. For the reasons that follow, both IAC and the Government's motions to dismiss are **GRANTED**.

## BACKGROUND

### A. Factual Background

The following allegations are derived from Plaintiff's Amended Complaint and are accepted as true for purposes of this motion.

In or about April 2020, Plaintiff contracted with Defendant IAC, purchasing a 2020 Mercedes Benz Sprinter van (the "vehicle") from IAC for approximately $250,000. Am. Compl., ¶ 12. IAC agreed to ship the vehicle from Freeport, Texas to Lome, Togo, with an estimated departure in April 2021. *Id.*, ¶ 14. CBP agents seized the vehicle before it left the United States. *Id.*, ¶ 15. Although CBP claims that on or about April 15, 2021, it sent a Notice of Seizure to Savadogo Loukouman, who brokered the transaction, Plaintiff never received the notice. *Id.* CBP completed the forfeiture process in January 2022, and Plaintiff received notice of the forfeiture through its former counsel on April 18, 2022. *Id.*, ¶ 16. After Plaintiff filed a protest with CBP, CBP informed Plaintiff that it was not a party entitled to the Notice of Seizure. *Id.*, ¶ 17.

## LEGAL STANDARDS

### A. Rule 12(b)(1)

On a motion to dismiss pursuant to Rule 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.*

A motion to dismiss for lack of subject matter jurisdiction "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). Where the defendant challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations in the complaint as true and draw all reasonable inferences in favor of the complaining party. *Id.* "But where evidence relevant to the jurisdictional question is before the court, the district court may refer to that evidence." *Id.* (cleaned up).

**B. Rule 12(b)(2)**

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a plaintiff bears the burden of demonstrating the Court's personal jurisdiction over the defendants. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). As such, a plaintiff must show "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *In re Magnetic Audiotape*, 334 F.3d 204, 206 (2d Cir. 2003) (cleaned up).

To resolve a Rule 12(b)(2) motion, a court has "considerable procedural leeway and may decide it on the basis of affidavits alone, permit discovery in aid of

the motion, or conduct an evidentiary hearing." *Struna v. Leonardi*, 626 F. Supp. 3d 657, 665-66 (S.D.N.Y. 2022) (cleaned up). The court should "construe[] any pleadings and affidavits in the light most favorable to the plaintiff" but "not draw argumentative inferences in the plaintiff's favor" nor "accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted). In addition, the court may consider matters outside the pleadings. Fed. R. Civ. P. 12(b)(2); *see also Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997).

**C. Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [the standard] requires more than labels[,] conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To resolve a 12(b)(6) motion, a court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Romanova v. Amilus Inc*, 138 F.4th 104, 108 (2d Cir. 2025). "A district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Revitalizing Auto*

*Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024). "Moreover, even if a document is not expressly incorporated by reference, the court may still consider it if the complaint relies heavily upon its terms and effect, rendering the document integral to the complaint." *Id.* (cleaned up).

## DISCUSSION

### A. Personal Jurisdiction Over IAC

Defendant IAC contends that the Court lacks personal jurisdiction over IAC, a Utah corporation with its principal place of business in Ogden, Utah, ECF No. 30 ("Burton Decl."), ¶ 5. The Court agrees.

Personal jurisdiction over a non-domiciliary is determined by "whether the state's long-arm statute provides a statutory basis for jurisdiction and, if so, whether exercising personal jurisdiction would comport with due process." *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) (per curium); *see also Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) ("The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located."). Here, Plaintiff relies upon the specific jurisdiction provision of New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), as providing the statutory basis for the Court's exercise of personal jurisdiction. ECF No. 31 ("Pl. Mem. in Opp'n to IAC Mot.") at 5-11.

Under Section 302(a)(1), personal jurisdiction is properly asserted over an out-of-state defendant who, in person or through an agent, "transacts any business within the state or contracts anywhere to supply goods or services in the state," so

long as the cause of action "aris[es] from" such transactions. N.Y. C.P.L.R. § 302(a)(1). Accordingly, to determine if personal jurisdiction exists under this provision, "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012). Although "proof of one transaction in New York is sufficient to invoke [personal] jurisdiction" under the State's long-arm statute, the defendant's activities must be "purposeful." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988).

Courts look to the totality of the circumstances to determine whether an out-of-state defendant transacts business in New York, including whether the defendant has an on-going contractual relationship with a New York corporation, whether the contract was negotiated or executed in New York, whether the defendant has visited New York for the purpose of meeting with parties to the contract, what the choice-of-law clause is in any such contract, whether the contract requires notices and payments to be sent into the forum state, and whether the contract subjects them to supervision by the corporation in the forum state. *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) (cleaned up).

Plaintiff's allegations fail to create an inference that IAC engaged in any volitional act to conduct business in New York. The contract was not negotiated in New York nor did it require either party to send payments to New York. Burton Decl., ¶ 7.[1] The invoice lists a Burkina Faso address and Canadian area code[2] for Plaintiff. *See* ECF No. 27-2 ("Ex. B").. "Critically, every aspect of the business performed by [IAC] was performed outside of New York: the merchandise at issue never passed through New York; no one in New York supervised the shipments; and no payment flowed into New York." *Suntree Int'l Corp. v. Rossi*, 19-CV-3845 (NG) (RLM), 2021 WL 5701407, at *4 (E.D.N.Y. Jan. 22, 2021). By entering into a contract with a foreign company based in Burkina Faso, Am. Compl., ¶ 7, to ship a car from Texas to Togo, *id.*, ¶ 15, IAC was by no means "projecti[ing] itself onto New York." *Berkshire Cap. Grp., LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 481 (2d Cir. 2008) (summary order).

Although Plaintiff alleges that "IAC purposefully did business with Miglab's New York office," Pl. Mem. in Opp'n to IAC Mot. at 2, Plaintiff "cannot establish jurisdiction through conclusory assertions alone" and must make allegations with "some factual specificity." *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (summary order) (citation omitted). The only allegations Plaintiff has advanced with any "factual specificity" concern two emails

---

[1] Although these facts are from IAC's affidavit, the Amended Complaint contains no allegations to the contrary.

[2] The Court takes judicial notice, pursuant to Federal Rules of Evidence 201, that 226 is a Canadian area code. *See* AllAreaCodes.com, https://www.allareacodes.com/226 (last accessed July 6, 2026).

sent from IAC to one of Plaintiff's employees based in its New York office concerning the transaction. S*ee* Am. Compl., ¶¶ 5-7, ECF No. 27-3 ("Ex. C") and 27-4 ("Ex. D"). These emails—one attaching an export license, Ex. C, and the other attaching videos and photos of the vehicle, Ex. D—do not suggest that Defendant purposefully transacted business in New York. This kind of "temporary, random, or tenuous [contact] with the forum" is inadequate to establish jurisdiction. *Agency Rent A Car Sys.,* 98 F.3d at 30 (citing cases). In particular, courts have found even more sustained contacts, including frequent phone calls and emails sent into New York by a non-domiciliary defendant during the course of a contract negotiation, does not permit the exercise of personal jurisdiction under Section 302(a)(1) where the contract itself was to be performed outside of New York. *See, e.g.*, *Suntree*, 2021 WL 5701407, at *5 (citing cases); *Arouh v. Budget Leasing, Inc.*, 883 N.Y.S. 2d 4, 5 (1st Dep't 2009); *Executive Life Ltd. v. Silverman*, 890 N.Y.S. 2d 106, 108 (2009).

These emails also do not plausibly suggest that IAC had knowledge of Plaintiff's New York office before this lawsuit commenced. The emails, which were sent to a Gmail account, contain no indication that Plaintiff's agent was located in New York at the time of the communications. *See* Ex. C and Ex. D. As IAC did not purposefully "transact any business" in New York state, Section 302(a)(1) does not confer personal jurisdiction over IAC.

Plaintiff argues that by advertising "Shipping Worldwide" and worldwide delivery on its website, IAC's contacts with New York are purposeful and it would be foreseeable for IAC to be haled into a New York court. Pl. Mem. in Opp'n to IAC

Mot. at 11. However, courts have held that advertisements on "passive" web sites are not acts "purposefully directed toward the forum state," unless accompanied by additional contacts like selling to or collecting information from forum residents. *K.C.P.L., Inc. v. Nash*, No. 98-CV-3773 (LMM), 1998 WL 823657, at *5 (S.D.N.Y. Nov. 24, 1998) (collecting cases); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction."). As a company that "does not have an office in New York, own real estate in New York, have any current customers in New York, [nor] otherwise do business in New York," Burton Decl., ¶ 6, IAC's website is immaterial to establishing purposeful business activity in the state.

As personal jurisdiction does not lie under New York's long-arm statute, the Court need not reach the question of whether personal jurisdiction comports with due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

**B. Jurisdictional Discovery**

Plaintiff requests that it be permitted to take limited discovery related to personal jurisdiction, including: "(1) IAC's communications with Miglab and [Miglab's New York agent]; (2) IAC's knowledge of Miglab's New York office; (3) IAC's New York customers and shipments; and (4) IAC's use of U.S. ports and facilities[.]" Pl. Mem. in Opp'n to IAC Mot. at 14-15. Because Plaintiff offers nothing more than sheer speculation that any evidence will be uncovered that

would establish personal jurisdiction, the Court denies this request.

"Whether to allow jurisdictional discovery is a decision as to which a district court enjoys substantial discretion." *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 298 (S.D.N.Y. 2023) (quotation marks omitted) (collecting cases). Where "the plaintiff has failed to establish a prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (summary order). Discovery may be granted, however, if the plaintiff but has "made a sufficient start toward establishing jurisdiction and have shown that their position is not frivolous." *PST Servs., Inc. v. Larson*, 221 F.R.D. 33, 37 (N.D.N.Y. 2004); *see also Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 731 F. Supp. 587, 593 (S.D.N.Y. 1990) (collecting cases). "Discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *RSM Prod. Corp.*, 643 F. Supp. 2d at 402 (cleaned up).

Plaintiff's threadbare allegations have not established a prima facie case of personal jurisdiction nor made a "sufficient start" toward it. Even if they had, however, the specific categories of discovery sought by Plaintiff are unlikely to yield information relevant to the jurisdictional inquiry. Any discoverable information related to IAC's communications with Plaintiff's New York office would presumably already be in Plaintiff's possession. Plaintiff provides no non-speculative reason to suggest that IAC would have knowledge that the Miglab employee with whom it communicated was based in New York. More fundamentally, even if Plaintiff could

establish such knowledge on the part of IAC, and could point to evidence of additional communications between IAC and its New York office during the course of negotiating the sale contract, this would not change the jurisdictional calculus. As discussed *supra*, such communications, even if they occurred more frequently than the two emails cited in the Amended Complaint, would not suffice to establish personal jurisdiction. *See Suntree*, 2021 WL 5701407, at *5.

With respect to discovery regarding IAC's general business dealings in New York, such evidence likewise would not establish personal jurisdiction under Section 302(a)(1), as the cause of action here would not arise from business dealings IAC conducts with third parties. While such discovery might be relevant to the general jurisdiction provision of New York's long arm statute, IAC has made no attempt to argue that personal jurisdiction is appropriate under N.Y. C.P.L.R. § 301. *See Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (Under Section 301, "[a] defendant is doing business and is therefore present in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." (cleaned up)), *aff'd*, 858 F.3d 55 (2d Cir. 2017). Plaintiff has not presented a single allegation, other than the use of "Worldwide" in its advertising, that suggests that IAC conducts *any* business in New York, let alone with the requisite level of continuity required under Section 301. Moreover, IAC has denied any business dealings and customers in New York. Burton Decl., ¶ 6.

In any event, permitting discovery to establish jurisdiction under Section 301 would be futile. It well-established that the exercise of general jurisdiction over a corporate defendant that is not incorporated in New York or that does not have its principal place of business in New York will only comport with due process in "truly 'exceptional' circumstances." *See, e.g.*, *United States v. Wolin*, No. 17-CV-2927 (KAM) (CLP), 2024 WL 779056, at *7 (E.D.N.Y. Feb. 26, 2024); *see also Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (for court to exercise general jurisdiction over corporation, its contacts with a state must be so "continuous and systematic as to render it essentially at home in the forum State" (cleaned up)). Thus, even were Plaintiff to obtain evidence that IAC had other New York customers, or shipped items through New York ports, that would not suffice to subject IAC to suit in a New York court on Plaintiff's claims.

**C. Sovereign Immunity**

Plaintiff sues the United States to set aside a civil forfeiture under 18 U.S.C. § 983(e). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The civil forfeiture claims against the United States must be dismissed for lack of jurisdiction because Plaintiff has failed to allege an applicable waiver of sovereign immunity.

Firstly, Plaintiff relies upon the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(c), as amended by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), as providing the requisite waiver of sovereign immunity. Am. Compl., ¶ 10.

Plaintiff's invocation of the FTCA to sustain subject matter jurisdiction is inapposite for several reasons. The FTCA waives sovereign immunity with respect to "claims against the United States, for money damages . . . for. loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "This waiver, however, is made subject to the detention exception, § 2680(c) of the FTCA, which bars claims 'arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.'" *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (quoting 28 U.S.C. § 2680(c)).

CAFRA amended Section 2680(c) to create "an exception to the exception, that is, to permit claims against the United States for injury or loss of goods or property in law enforcement custody if the claimant can satisfy four conditions." *Id.* The four conditions are:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

*Id.* (citing 28 U.S.C. § 2680(c)(1)-(c)(4)). Failure to fulfill any one of those four criteria

means that Plaintiff "cannot benefit from § 2680(c)'s re-waiver of sovereign immunity, and there is no federal jurisdiction under the FTCA to hear [Plaintiff's] claim." *Id.*

The Amended Complaint concedes that the vehicle was in fact successfully forfeited. Am. Compl., ¶ 16. Accordingly, Section 2680(c) does not operate to waive the Government's sovereign immunity. *See, e.g., Acosta v. United States*, 12-MC-793 (ARR), 2013 WL 2444172, at *3 (E.D.N.Y. June 5, 2013); *Akeem v. United States*, 854 F. Supp. 2d 289, 296 (E.D.N.Y. 2012).

The FTCA also does not provide the requisite waiver of sovereign immunity for the additional reason that Plaintiff has not plead that it timely filed an administrative claim with the agency prior to initiating this suit. "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court," and a failure to do so warrants dismissal for lack of subject matter jurisdiction. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Here, Plaintiff has failed to carry its burden "to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (collecting cases).

Alternatively, CAFRA itself provides a limited waiver of sovereign immunity for claimants "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who [do] not receive such notice." 18 U.S.C. § 983(e)(1); *see also Clark v. Suffolk Cnty.*, No. 14-CV-7195 (JFB) (AYS), 2017 WL 1067800, at *5 (E.D.N.Y. Feb. 24, 2017), *report and recommendation adopted*, No. 14-CV-7195 (JFB) (AYS), 2017 WL 1078566 (E.D.N.Y. Mar. 20, 2017) ("CAFRA sets

forth the government's limited waiver of sovereign immunity authorizing suits concerning assets that are administratively forfeited."). Yet Plaintiff's claims[3] do not fall within the ambit of Section 983(e)'s waiver of sovereign immunity.

Section 983 permits a motion to set aside a declaration of forfeiture under a "civil forfeiture statute." That term has a defined meaning, and is limited to "any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." 18 U.S.C. § 983(i). The definition expressly excludes "the Tariff Act of 1930 or any other provision of law codified in title 19." *Id.*

The statutes underlying the forfeiture at issue in this action—19 U.S.C. § 1594(a) and 13 U.S.C. § 305(c)(4), ECF No. 38-8—are therefore not "civil forfeiture statute[s]" within the meaning of Section 983. As a title 19 provision, 19 U.S.C. § 1594(a) is expressly carved out of the statutory definition of "civil forfeiture statute." *See United States v. Davis*, 648 F.3d 84, 94 (2d Cir. 2011) (affirming that the "customs carve-out" excludes any provision in title 19).

Plaintiff argues that 13 U.S.C. § 305(c)(4) independently qualifies as a "civil forfeiture statute." ECF No. 47 at 4. But Section 305(c)(4) provides for the assessment of civil *penalties*, not civil forfeiture. Therefore, Section § 305(c)(4) also fails to qualify as a "civil forfeiture statute" under CAFRA.

Plaintiff also urges the Court to "construe [CAFRA's] provisions broadly," to

---

[3] Plaintiff also cites 18 U.S.C. § 981, *see* Am. Compl., ¶¶ 18-20, but Section 981 offers no statutory cause of action—it merely defines the types of property subject to civil forfeiture in the United States.

achieve its remedial objectives. *Id.* However, "[a]ny waiver of the government's sovereign immunity is to be strictly construed in favor of the government." *S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 136 (2d Cir. 2002) (cleaned up); *see also United States v. Ross*, 161 F.4th 100, 116 (2d Cir. 2025) ("[CAFRA] is properly recognized as a waiver of sovereign immunity and, as such, must be construed strictly so as not to enlarge the waiver beyond what the language of the statute requires.")

Given that Plaintiff's claims against the Government do not fall within the narrow waiver of sovereign immunity granted by 18 U.S.C. § 983(e), the claims against the United States are dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, the motions to dismiss are **GRANTED**. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: July 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge